UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARWIN ISMAEL GOMEZ
BETANCOURTH,

Petitioner,

v.

WARDEN CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

Respondents.

No. 1:26-cv-03709-DAD-CKD

ORDER

(Doc. Nos. 1, 2)

On May 14, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.[1] (*Id.* at 9–10.) Also on May 14, 2026, petitioner filed a motion for temporary restraining order requesting an order that he not be transferred outside of this judicial district while his habeas petition is pending. (Doc. No. 2.) That same day, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to

---

[1] Petitioner also argues that his detention violates his right to family unity. (Doc. No. 1 at 10.) The court need not consider this argument because the court will grant petitioner's habeas petition on other grounds.

1

address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 4.)  On May 18, 2026, respondents requested a seven-day extension of time to file their opposition (Doc. No. 6), which the court granted on May 20, 2026 (Doc. No. 7).  On May 25, 2026, respondents filed a response to the habeas petition.  (Doc. No. 8.)

Based on the briefing submitted by the parties, the court finds the following facts. Petitioner most recently entered the United States on or about June 28, 2019.  (Doc. Nos. 1 at 5; 8 at 1; 8-1 at 2.)  He was contacted by immigration officials, briefly detained, and released on June 29, 2019.  (Doc. No. 1 at 5, 33, 35.)  Petitioner was re-detained by ICE officers on April 7, 2026, apparently without notice or an opportunity to be heard.  (Doc. Nos. 1 at 5; 8-1 at 2.)  Petitioner requested asylum, and, on April 15, 2026, a detention and deportation officer determined that petitioner does not have a credible fear of persecution or torture.  (Doc. No. 8-3 at 1.)  Petitioner requested review of this determination before an immigration judge ("IJ").  (*Id.*)  According to respondents, petitioner's "reasonable fear review" before the IJ was scheduled for May 27, 2026 (Doc. No. 8 at 2), although neither party has filed a status report as to whether the "reasonable fear review" hearing occurred or the outcome of the hearing.

In their response to the habeas petition, respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) because he is in expedited removal proceedings.  (Doc. No. 8 at 2–3.)  This argument is in tension with respondents' contention that petitioner is subject to a re-instated removal order (Doc. Nos. 8 at 1; 8-1 at 2), which would subject him to detention pursuant to 8 U.S.C. § 1231.  As the Ninth Circuit has explained in this regard:

> Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ("Section 1225(b)"), 1226(a) ("Subsection A"), 1226(c) ("Subsection C"), and 1231(a) ("Section 1231(a)").  A noncitizen's place "within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."

/////

2

*Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023) (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). "Section 1231 . . . authorizes detention 'when an alien is ordered removed' and enters the 'removal period,' which begins on '[t]he date the order of removal becomes administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–35 (2021) (quoting §§ 1231(a)(1)(A)–(B), (2)). Reinstated removal orders are administratively final. *Id.* (holding that reinstated removal orders are administratively final and that detention was governed by § 1231).

As noted above, respondents contend that petitioner is subject to a reinstated removal order. However, respondents have not provided any documentation showing that petitioner's removal order was reinstated.[2] Still, petitioner has provided documents which are signed by him, reflect his A-File number, and are dated June 29, 2019, and which suggest that petitioner was released pursuant to an Order of Supervision following reinstatement of his removal order.[3] (Doc. No. 1 at 33, 35.) While petitioner argues that he is not subject to a final removal order (Doc. No. 1 at 5), the court does not find petitioner's argument in this regard to be particularly credible given the often-complex legal analysis necessary to determine whether a removal order is final. It therefore appears that petitioner is subject to a reinstated removal order.

In light of the evidence that petitioner is subject to a reinstated removal order, and the evidence that petitioner was released on an Order of Supervision in 2019, the court incorporates and adopts the reasoning set forth in its prior order in *Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR (HC), 2025 WL 3458787, at *3–4 (E.D. Cal. Dec. 2, 2025), in which the court explained that ICE has a duty to follow its own regulations, that failure to do so may result in a

---

[2] Respondents rely on an unsworn Form I-213, prepared by a deportation officer, which states that petitioner was issued a Form I-871, Reinstatement of Prior Order of Removal, on June 28, 2019. (Doc. No. 8-1 at 2.) Notably, the I-871 form itself has not been provided to the court, and the officer does not state in his unsworn statement what, if any, documentation supports his assertion in this regard. Respondents have provided a document dated April 26, 2019, which orders petitioner's removal. (Doc. No. 8-2 at 1.)

[3] Orders of Supervision are issued for noncitizens who are subject to final removal orders and who are released because the noncitizen does not pose a danger to the community or a flight risk, or because it is not significantly likely that the noncitizen will be removed in the reasonably foreseeable future. *See* 8 C.F.R. § 241.4; 8 C.F.R. § 241.13.

due process violation, and that 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i) indicate that, when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the noncitizen may be removed.  The court further incorporates and adopts the reasoning set for in its prior order *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *6 (E.D. Cal. Aug. 20, 2025), in which the court noted that "[b]ecause respondents have made no showing that they have engaged in an individualized determination that included consideration of the factors listed in 8 C.F.R. § 241.13(f), they cannot demonstrate changed circumstances with respect to the foreseeability of petitioner's removal."  Based on the foregoing, petitioner's re-detention on April 7, 2026, absent an individualized determination regarding the foreseeability of petitioner's removal, violated due process and the court will therefore order petitioner's release. In addition, the court incorporates its reasoning in *Yang*, 2025 WL 2791778, at *7–10 and finds that a pre-deprivation hearing is appropriate under these circumstances.

Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Darwin Ismael Gomez Betancourth, A-File No. 203-640-050, from respondents' custody on the same conditions he was subject to prior to his re-detention on April 7, 2026;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner no less than seven days' notice and a pre-deprivation hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his habeas petition on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   __**May 29, 2026**__

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

5