UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARWIN ISMAEL GOMEZ BETANCOURTH,

Petitioner,

v.

WARDEN CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

No. 1:26-cv-03709-DAD-CKD

ORDER DENYING RESPONDENTS' MOTION TO CLARIFY INJUNCTION

(Doc. No. 11)

On May 29, 2026, the court issued an order that granted petitioner's petition for writ of *habeas corpus*, ordered respondents to immediately release petitioner from detention, and enjoined and restrained respondents "from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner no less than seven days' notice and a pre-deprivation hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention." (Doc. No. 11 at 4.)  On the same day, respondent filed a motion to clarify that injunction arguing that if petitioner were to be ordered removed in the future then the court's order "may conflict" with mandatory detention pursuant to 8 U.S.C. § 1231(a)(2).  (Doc. No. 11.)

Section 1231(a)(2) mandates detention for the 90-day removal period, which begins, as relevant here, "[t]he date the order of removal becomes administratively final."  8 U.S.C. § 1231(a).  Respondents previously represented to the court that petitioner became subject to a

1

reinstated removal order in 2019.  (Doc. Nos. 8 at 1; 8-1 at 2.)  As this court explained in its order granting petitioner's *habeas* petition, reinstated removal orders are administratively final.  (Doc. No. 9 at 3 (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–35 (2021).)  Therefore, the 90-day mandatory detention period passed approximately five years ago.  Respondents' argument that this court's order may conflict with § 1231(a)(2) should petitioner become subject to a final removal order lacks merit in light of this court's finding that petitioner has been subject to a final removal order since 2019.

For the reasons explained above, the court DENIES respondent's motion to clarify (Doc. No. 11).

IT IS SO ORDERED.

Dated:    **June 25, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE